IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DANTE IVAN LOZANO,

        Defendant.

Criminal No. 15-0228
ELECTRONICALLY FILED

**MEMORANDUM OPINION**

Defendant, who pled guilty (without a plea agreement) to two counts of a two-count indictment and was sentenced on June 22, 2017 to a term of 210 months (a <u>below</u> guideline range sentence), has now filed a *pro se* Motion for a two-point reduction in his offense level in accordance with Amendment 821 of the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).[1] ECF 508. The Government opposed this motion (ECF 512), and for the reasons set forth below, this Court will deny the motion.

**I. Background**

On October 27, 2015, Lozano and his co-defendants were indicted by a federal grand jury sitting in the Western District of Pennsylvania. ECF 3. The Indictment charged Lozano with conspiracy to distribute and possession with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine; and with conspiracy to launder monetary instruments. Id. In addition to Lozano, seven other individuals were charged with one or both of the crimes set forth in the indictment. Id. Before Lozano made his initial appearance in

---

[1] The legal basis for Defendant's Motion is the retroactive amendment to U.S.S.G. § 4A1.1 ("Amendment 821"), which eliminates the 2-point increase to a defendant's criminal history calculation for offenses committed while that defendant was under a criminal justice sentence (commonly referred to as "status points").

1

the Western District of Pennsylvania, all seven of his co-defendants entered into formal plea agreements with the United States Attorney for the Western District of Pennsylvania.

A jury was selected on February 14, 2017, one week before the trial was scheduled to begin. On the morning that trial was to commence, February 21, 2017, Lozano and his counsel notified the Court that Lozano wanted to plead guilty. ECF 400. Lozano pled guilty, without a plea agreement; instead, he took an open plea and admitted his guilt to both of the charges. Id. Following his plea, on June 22, 2017, this Court sentenced Lozano to 210 months at each of the two counts, to be served concurrently. ECF 387, ECF 388 and ECF 401.

**II. Analysis**

Title 18, United States Code, Section 3582(c)(2) indicates that a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission, may request, and a Court may grant, a reduction to his sentence after considering the 18 U.S.C. § 3553(a) factors, if such a reduction is consistent with the applicable policy statements issued by the Commission. The policy statements at issue are set forth at U.S.S.G. § 1B1.10, which, allow this Court to reduce Defendant's sentence, at its discretion.

In *Dillon v. U.S.*, 560 U.S. 817 (2010), the United States Supreme Court established a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted. At step one, the Court is "to follow the Commission's instructions from U.S.S.G. § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 826. Section § 1B1.10(b)(1) instructs a court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was

sentenced. In making such determination, the Court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). "At step two of the inquiry, § 3582 (c)(2) instructs a court to consider any applicable § 3553 (a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

      Turning to the instant case, Defendant's guideline range was 262 to 327 months based on an offense level of 36, and a criminal history category of IV. ECF 373. This Court granted Defendant a downward variance and imposed a sentence of 210 months. ECF 386, ECF 387, ECF 388. A two-point reduction request would take Defendant's offense level to 34, making his new guideline range 210 to 262 months. The relevant statute and policy statement do not permit a reduction in sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Defendant's 210-month sentence is the minimum (*i.e.*, low end) of the amended guideline range, and because this Court cannot reduce Defendant's sentence below 210 months, he is ineligible for a further reduction based on Amendment 821. *See, United States v. Baley,* No. CR 20-124, 2024 WL 453613, at *3 (E.D. Pa. Feb. 6, 2024) (The relevant statute and policy statement do not permit a reduction in sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).).

### III. Conclusion

Because Defendant is not eligible under step one of the two-part *Dillon* test, the Court will deny Defendant's *pro se* motion for a sentence reduction. An appropriate order will follow.

s/Arthur J. Schwab
ARTHUR J. SCHWAB
United States District Judge

Dated: July 10, 2024

cc:	All ECF-registered Counsel of Record
		and
	Dante Ivan Lozano
	37915-068
	Bastrop FCI
	PO Box 629
	Bastrop, TX 78602