IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DANTE IVAN LOZANO,

        Defendant.

Criminal No. 15-0228
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

On February 14, 2024, Defendant, who pled guilty (without a plea agreement) to two counts of a two-count indictment and was sentenced on June 22, 2017 to a term of 210 months (a <u>below</u> guideline range sentence), filed a *pro se* motion for a two-point reduction in his offense level in accordance with Amendment 821 of the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).[1] ECF 508. The Government opposed Defendant's motion (ECF 512), and this Court denied Defendant's motion on July 10, 2024. ECF 514.

In its July 10, 2024 Opinion in support of its Order, the Court explained its reasons for denying Defendant the two-point reduction in his offense level as follows:

> Turning to the instant case, Defendant's guideline range was 262 to 327 months based on an offense level of 36, and a criminal history category of IV. ECF 373. [During sentencing,] This Court granted Defendant a downward variance and imposed a sentence of 210 months. ECF 386, ECF 387, ECF 388. A two-point reduction request would take Defendant's offense level to 34, making his new guideline range 210 to 262 months. The relevant statute and policy statement do not permit a reduction in sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Defendant's 210-month sentence is the minimum (i.e., low end) of the amended guideline range, and because this Court cannot reduce Defendant's sentence below 210

---

[1] The legal basis for Defendant's Motion was the retroactive amendment to U.S.S.G. § 4A1.1 ("Amendment 821"), which eliminated the 2-point increase to a defendant's criminal history calculation for offenses committed while that defendant was under a criminal justice sentence (commonly referred to as "status points").

> months, he is ineligible for a further reduction based on Amendment 821. See, United States v. Baley, No. CR 20-124, 2024 WL 453613, at *3 (E.D. Pa. Feb. 6, 2024) (The relevant statute and policy statement do not permit a reduction in sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).).

ECF 513, p. 3.

Presently before the Court, is Defendant's Motion to Reconsider the Order denying Defendant's motion for a two-point reduction in his offense level. ECF 515.[2] The Government filed a response opposing Defendant's request for reconsideration, making the matter ripe for adjudication. ECF 517.

In considering Defendant's instant Motion to Reconsider, this Court obtains guidance from *United States v. Korey,* 2009 WL 1940381 (W.D. Pa. June 30, 2009), wherein former Chief Judge Lancaster held as follows:

> Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules for the United States District Court for the Western District of Pennsylvania provide for a "motion to reconsider" a dispositive ruling. Nevertheless, the court is of the opinion that the court has the inherent authority to revisit its own ruling if it is shown to be wrong. Indeed, the Supreme Court noted the "wisdom of giving the district courts the opportunity promptly to correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976).
>
> A dispositive judgment may be altered or amended, however, only if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citation omitted).

---

[2] Defendant's Motion for Reconsideration was filed on July 16, 2025.

2

*Korey,* at *1. See also, *United States v. Bennett,* 514 Fed. Appx. 151, 154 (3d Cir. 2013) ("Courts have inherent authority in criminal matters to decide motions for reconsideration or rehearing . . .".).

First, as a procedural matter the Court notes that Defendant's Motion for Reconsideration was untimely filed. The Court issued its Order denying the two-point reduction on July 10, 2024, but Defendant did not file the instant Motion for Reconsideration of that Order until more than one year later, on July 16, 2025. *See, United States v. Moquete* 813 Fed. Appx. 51, 52 3d Cir. (2020) (". . . Moquete's motion to reconsider the denial of his § 3582 motion was untimely. See Fed. R. Civ. P. 59(e)."). Because there is no specific criminal procedural rule governing the time to file a Motion for Reconsideration, the Court must look to Fed.R.Civ.P. 59(e) which requires that a motion to amend or alter judgment "be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Second, furthermore, the Court finds no basis to reconsider its July 10, 2024 Order denying Defendant's previously filed motion seeking a two-point reduction in his offense level. The majority of Defendant's Motion for Reconsideration demonstrates that Defendant seeks to merely rehash old arguments he previously raised in an attempt to have his two "status points" removed from his calculation. However, Defendant does assert that an error was made in assessing an additional, single point for a 2012 conviction for the unlawful possession of a firearm – a Texas State conviction. See ECF 373, ¶30. Defendant incorrectly asserts this 2012 Texas "case was actually dismissed on June 12, 2017." There is no indication or evidence that this is true. To the contrary, Defendant's PSIR (ECF 373) at ¶ 30 indicates that on February 6, 2012, Defendant pled guilty and was sentenced to seven years' custody – this conviction and

3

sentence is what led Defendant to acquire the additional, single point.[3]  Paragraph 30 of the PSIR also suggests that on June 24, 2016, Defendant "was removed to Pennsylvania for federal case" (which is a direct reference to the instant case before this Court) and further notes that an etnry dated June 8, 2017, reads a "status hearing scheduled pending the outcome of the instant federal case." Thus, whether Defendant's Texas State probation violation charge was "dismissed" shortly before his federal sentence was imposed, is of no moment.  The single point was awarded for Defendant's conviction of the original Texas State crime, not for his alleged probation violation.

Thus, because Defendant's Motion for Reconsideration (ECF 515) is both untimely and meritless the Court DENIES the Motion.

**ORDER**

AND NOW, this 20th day of August, 2025, it is hereby ORDERED, ADJUDGED, and DECREED that Petitioner's Motion for Reconsideration (doc. no. 515) is hereby DENIED.

No certificate of appealability shall issue.

s/ Arthur J. Schwab<br>United States District Judge

cc:    All Registered ECF Counsel and Parties

   Dante Lozano
   #37915-068
   FCI-Bastrop
   1341 Highway 95 North
   P.O. Box 1010
   Bastrop, TX 78602

---

[3] Moreover, Defendant's PSIR at ¶30 notes that 4A1.1 of the United States Sentencing Guidelines is implicated, and this evidences that Defendant's one-point assessment for his Texas State conviction was for the 2012 crime of unlawful possession of a firearm, and not for the alleged probation violation associated with that prior conviction. ECF 373.